UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN YONG, a/k/a Johnny D. Yong ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No.:  1:19-cv-11240 |
| BOSTON CAR COMPANY, INC. ) | |
| d/b/a "Acura of Boston", ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

John Yong brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), Mass. General Laws c. 149, §§ 148, 150 (collectively, "Mass. Wage Act"), and Mass. General Laws c. 151, § 1 ("Mass. Overtime Statute").

The Plaintiff is a former employee of Boston Car Company, Inc. who regularly worked in excess of forty (40) hours per week, but, in blatant disregard for state and federal law, was not paid for each and every hour of compensable working time.

### JURISDICTION AND VENUE

1. This action arises under the laws of the United States, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred here.

### PARTIES

3. Plaintiff John Yong ("Plaintiff" or "Yong") lives in Brighton, Massachusetts, and was an employee of the Defendant from at least February of 2016 through February 1, 2019.

4. Defendant Boston Car Company, Inc. ("Defendant" or the "Company") is a Massachusetts corporation that does business as "Acura of Boston," and employs workers in Massachusetts, and maintains an office for Massachusetts workers at 1600 Soldiers Field Road, Suffolk County, Brighton, Massachusetts.

1

5. Defendant engages in "interstate commerce" because, upon information and belief, it had combined annual gross sales of at least $500,000.00 for each of the previous three years and employs individuals engaged in interstate commerce.

## FACTS

6. Yong was employed by the Company from at least February of 2016 through February 1, 2019 (the "Relevant Employment Period").

7. The Company agreed to pay Yong on an hour-by-hour basis, for each hour worked.

8. The Company agreed to pay Yong at a rate of $30.00 per hour, for each hour worked.

9. The Company tracked Yong's actual hours worked, via a computerized tracking system.

10. Yong regularly worked in excess of forty (40) hours per week during the Relevant Employment Period.

11. Inexplicably, the Company deleted compensable hours worked from Yong's total each week, to reduce his compensation.

12. For example, for the pay period 3/6/16 through 3/12/16, Yong worked 44.23 hours of compensable working time according to the Company's time tracking system.

13. Inexplicably, the Company furnished Yong with wages for only 40.23 hours during the pay period 3/6/16 through 3/12/16.

14. During the Relevant Employment Period the Company repeatedly paid Yong for less compensable working time than was actually indicated on his time card.

15. The Company also agreed to pay Yong a commission, in addition to his hourly wages.

16. The Company agreed to pay Yong .07% of the total monthly "warranty dollars billed," based on what the Company calls an "RAP Report."

17. Based on information and belief, Yong was not furnished with each and every commission he earned during the Relevant Employment Period.

18. On or about February 1, 2019, the Plaintiff was terminated.

19. The Company owed the Plaintiff earned wages on February 1, 2019, and failed to furnish the Plaintiff with all his earned wages on that date.

20. To date, the Company owes the Plaintiff earned wages, including overtime premiums and earned commissions.

21. Plaintiff's attorney has filed for authorization from the Fair Labor Division of the Mass. Attorney General's Office to commence a private right of action against the Defendant for violations of the Mass. Wage and Hour Law.

## CAUSES OF ACTION

### COUNT 1 – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

22. The previous paragraphs are re-alleged and incorporated by reference.

23. The Fair Labor Standards Act provides that employers such as the Defendant must compensate employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

24. The Fair Labor Standards Act provides that employers such as the Defendant must compensate employees such as the Plaintiff for all compensable working time, regardless of whether or not that time was "approved" or otherwise "authorized."

25. The Defendant employed Plaintiff who worked over forty hours per week and willfully failed to pay them overtime for each overtime hour, in violation of the FLSA.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

26. The previous paragraphs are re-alleged and incorporated by reference.

27. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.
28. Massachusetts Code of Regulations 455 CMR 2.01 defines working time as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work. Working time does not include meal times during which an employee is relieved of all work-related duties."
29. Plaintiff's work was compensable as defined by 455 CMR 2.01. A violation of 455 CMR 2.01 is a per se violation of the Wage Act.

3

30. The Defendant violated Mass. General Laws c. 149, § 148 by failing to pay the Plaintiff earned overtime wages and for each and every hour of compensable working time.

### COUNT III – Mass Overtime Law  c. 151, § 1A

31. The previous paragraphs are re-alleged and incorporated by reference.

32. Mass. General Laws c. 151, § 1A requires an employer to compensate an employee who works in excess of forty hours a week at a rate of not less than one and one half times his regular hourly rate.

33. The Defendant violated Mass. General Laws  c. 151 and c. 149, § 148 by failing to pay Plaintiff overtime wages.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages in the form of double or triple the wages and overtime wrongfully withheld, along with attorney's fees pursuant to the FLSA;
3. Award liquidated damages in the form of non-discretionary triple wages and overtime wrongfully withheld, and attorney fees pursuant to Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

### PLAINTIFF DEMANDS A TRIAL BY JURY

PLAINTIFF, John Yong,

By his attorney,

Dated: June 4, 2019        /s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO #669948)
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com

4